Ilsley, J.
The defendant has appealed from a judgment directing him to put in suit immediately, regardless of amounts, and in the alphabetical order, prescribed by the act of 1859, (No, 175, page láO,) relative to the *140 collection of municipal taxes in New Orleans, before the several District Courts of New Orleans, therein named, all unpaid bills, for taxes due the city, and now in his hands.
He contends, substantially, that the citation of, delinquents by the city treasurer, in the shape of an advertisement in the official paper, is unconstitutional, and, further, that the law invoked was repealed by the act of 1805, (No. 44, page 82,) concerning the jurisdiction of the District Courts of New Orleans.
The relator, who is a citizen and tax-payer, relies on section 107 of the city charter as amended in 1858, which provides, “that, on the second day of July of each and every year, or as soon thereafter as practicable, the city treasurer shall make, or cause to be made out, a correct alphabetical list of all the unpaid tax-bills remaining in his hands, and shall hand over said bills to the assistant city attorney, taking his receipt for the same; and the said assistant city attorney shall immediately put in suit, in a court or courts of competent jurisdiction, all - unpaid bills for taxes levied on property assessed in the several districts of the city.
And the relator also relies on the act of 1859, aforesaid, which provides for the publication, by the treasurer, of the names of delinquent taxpayers, and the institution of suits against them, as follows: “All bills from A to D, inclusively, before the Second District Court; all bills from E to J, inclusively, before the Third District Court; all bills from K to N, inclusively, before the Fourth District Court; all bills from O to R, inclusively, before the Fifth District Court; and all bills from tí to Z, inclusively, before the Sixth District Court.
The first ground of objection urged, has been so frequently and so conclusively settled in this Court, that it can no longer be considered a tenable one.
The constitutional provision invoked, does not apply to citations. The form of a citation and the manner in which parties may be brought into court are entirely within the legislative control; so much so, that in proceedings for enforcing payment of taxes due the city of New Orleans, a constructive notice by advertisement in the official newspaper, in lieu of a petition and citation, has been uniformly held to be constitutional and binding. 3 Martin, 720; Act 15th April, 1853, No. 121; Act 1858, No. 85, page 57; Act 1859, No. 175, p. 140; 10 An. 727, 764, 771; 11 An. 146, 338, 420; 12 An. 751; 13 An. 405.
The second objection presents no greater difficulty.
The law of 1859, aforesaid, is a special statute, forming part of the charter of the city of New Orleans, and cannot be considered as repealed, unless expressly or by conflicting legislation in pari material.
Subsequent laws do not repeal former ones by containing different provisions; they must be contrary. 5 N. S. 528, 575; 6L. 135; 16 An. 379.
A particular law is not repealed by a general law, unless they be so repugnant that both cannot stand under'any circumstance.
Different laws on the same subject, if not absolutely inconsistent, must be considered and construed ás oné.
10 Martin 172; 9 An. 64; 12 An. 498,-S05.
Prior, will not be repealed by subsequent, laws from the mere fact that they differ. A repeal will be implied only where the last statute contains *141 provisions irreconcilable with those of prior laws. A repeal by implication is not favored by law.
C. O. 23; 2 An. 919; 3 An. 399; 13 An. 329, 383.
Statutes of a general nature do not repeal particular statutes enacted for the benefit of public corporations as part of their charter. 1 An. 49.“
We do not consider the act of 1865 as modifying or repealing the act of 1859, relative to the collection of municipal taxes in New Orleahs; it must, therefore, be carried out as originally intended by the' Legislature.
It is'therefore ordered that the judgment of the District Court be’ affirmed, at the costs of the defendant and appellant.